## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| GALIL DAWKINS, | |
| Plaintiff, | |
| -vs- | CASE NO. |
| EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, EDFINANCIAL SERVICES, LLC, NAVIENT SOLUTIONS, LLC f/k/a SALLIE MAE, and NELNET SERVICING, LLC, | |
| Defendants. | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, GALIL DAWKINS (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax") EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"), TRANS UNION LLC (hereinafter "Trans Union"), EDFINANCIAL SERVICES, LLC (hereinafter "EdFinancial"), NAVIENT SOLUTIONS, LLC f/k/a SALLIE MAE (hereinafter "Sallie Mae"), and NELNET SERVICING, LLC (hereinafter "Nelnet") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

1

## PRELIMINARY STATEMENT

1.     This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.     Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.     Consumer reporting agencies that create consumer reports, like the CRAs, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.     When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.     The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in

accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION AND VENUE

6.     Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7.     Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.     Venue is proper in this District as Equifax's principal address is in this District, Defendants transact business within this District, and violations described in this Complaint occurred in this District.

9.     Plaintiff is a natural person and resident of Johnson County in the State of Indiana. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.     Equifax is a corporation headquartered at 1550 Peachtree Street, Northwest in Atlanta, Georgia 30309.

11.     Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12.     Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.     Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Georgia through its registered agent, C T Corporation System, located at 289 S Culver Street, Lawrenceville, Georgia 30046.

14.     Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15.     Experian disburses such consumer reports to third parties under contract for monetary compensation.

16.     Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Georgia through its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

17.     Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

4

18.    Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

19.    EdFinancial is a corporation headquartered at 298 North Seven Oaks Drive in Knoxville, Tennessee 37922 that upon information and belief conducts business in the State of Georgia.

20.    EdFinancial is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

21.    EdFinancial furnished information about Plaintiff to the CRAs that was inaccurate.

22.    Sallie Mae is a corporation with its principal place of business in the Commonwealth of Virginia and is authorized to do business in the State of Georgia through its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

23.    Sallie Mae is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

24.    Sallie Mae furnished information about Plaintiff to the CRAs that was inaccurate.

25.    Nelnet is a corporation headquartered at 121 S. 13th Street, Suite 100 in Lincoln, Nebraska 68508 that upon information and belief conducts business in the State of Georgia.

26.     Nelnet is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

27.     Nelnet furnished information about Plaintiff to the CRAs that was inaccurate.

## FACTUAL ALLEGATIONS

28.     Plaintiff is alleged to owe multiple debts to EdFinancial as to student loans.

29.     Plaintiff is alleged to owe multiple debts to Sallie Mae as to student loans.

30.     Plaintiff is alleged to owe multiple debts to Nelnet as to student loans.

31.      Plaintiff attended college from approximately 2003 to 2008, and during that time, Plaintiff obtained student loans through non-party, Citibank Student Loans, to pay for education expenses totaling approximately $11,000.

32.     On or about September 25, 2012, Plaintiff issued payment in the form of two (2) money orders totaling $1,950 to LTD Financial Services, on behalf of Citibank Student Loans, leaving a zero balance.

33.     On or about September 26, 2012, Plaintiff obtained copies of his Citibank Student Loans billing statements and confirmed there was a zero balance.

34.     Several years later, Plaintiff first became aware of the outstanding student loan debt when he received notice of a wage garnishment on or about February 26, 2020, as to payment of the student loan debt.

35.     Plaintiff made several attempts to dispute the erroneous student loan debt directly with the furnishers and provided proof of payment.

36.     In or about end of 2023, Plaintiff reviewed his credit files and observed three (3) erroneous accounts with EdFinancial reported by Experian; three (3) erroneous accounts with Nelnet reported by Equifax and Experian, and three (3) erroneous accounts with Sallie Mae reported by Trans Union.

37.     On or about November 21, 2023, Plaintiff reported the inaccurate reporting to the Consumer Financial Protection Bureau ("CFPB"), File ID 231121-12556419.

38.     In the CFPB report, Plaintiff detailed the fact that there were erroneous accounts appearing on his credit reports with the CRAs, reporting balances which did not belong to him. He requested an investigation into the inaccurate reporting.

39.     Under 15 U.S.C. § 1681e (3) of the FCRA, credit reporting agencies, such as the CRAs, are required to review certain consumer complaints about inaccurate information that are originally sent to the CFPB.

40.     Upon information and belief, the CRAs failed to review the CFPB complaint that Plaintiff filed and continued to inaccurately report the erroneous and fraudulent accounts on his credit report.

41.     In or about January/February 2024, Plaintiff contacted the CRAs to dispute the erroneous reporting.

42.     Plaintiff did not receive dispute results from Equifax. However, upon review of his updated Equifax credit report, Plaintiff observed the three (3) Nelnet accounts continued to be reported with erroneous balances each with a comment which indicated the accounts were previously in dispute and verified as accurate.

43.     Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

44.     Equifax never attempted to contact Plaintiff during the alleged investigation.

45.     Upon information and belief, Equifax notified Nelnet of Plaintiff's dispute. However, Nelnet failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

46.     Plaintiff did not receive dispute results from Experian. However, upon review of his updated Experian credit report, Plaintiff observed the three (3) EdFinancial accounts continued to be reported with erroneous balances and each

with a comment which stated, "This item was updated from our processing of your dispute in February 2024". Further, Plaintiff observed the three (3) Nelnet accounts continued to be reported with erroneous balances and each with a comment which stated, "This item was updated from our processing of your dispute in February 2024".

47.    Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

48.    Experian never attempted to contact Plaintiff during the alleged investigation.

49.    Upon information and belief, Experian notified EdFinancial of Plaintiff's dispute. However, EdFinancial failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

50.    Upon information and belief, Experian notified Nelnet of Plaintiff's dispute. However, Nelnet failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

51.    Plaintiff did not receive dispute results from Trans Union. However, upon review of his updated Trans Union credit report, Plaintiff observed the three (3) Sallie Mae accounts continued to be reported with erroneous balances and each

with a comment which stated, "completed investigation of FCRA dispute – consumer disagreed".

52.    Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

53.    Trans Union never attempted to contact Plaintiff during the alleged investigation.

54.    Upon information and belief, Trans Union notified Sallie Mae of Plaintiff's dispute. However, Sallie Mae failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

55.    On or about February 20, 2024, Plaintiff obtained copies of his credit reports and observed erroneous reporting of the following student loan accounts.

| **Furnisher** | **CRA** | **Account** | **Status** |
|---|---|---|---|
| EdFinancial | Equifax, Experian, Trans Union | x7011 | Opened 9/17/2007, Balance $7,337 |
| EdFinancial | Equifax, Experian, Trans Union | x7011 | Opened 2/12/2007, Balance $7,267 |
| EdFinancial | Equifax, Experian, Trans Union | x7011 | Opened 2/12/2007, Balance $318 |
| Nelnet | Equifax, Experian | x6235 | Opened 2/12/2007, Balance $7,077 |
| Nelnet | Equifax, Experian | x6335 | Opened 2/12/2007, Balance $309 |

| Nelnet | Equifax, Experian | x6135 | Opened 9/17/2007, Balance $7,147 |
| Sallie Mae | Trans Union | 95857309171E00**** | Opened 2/12/2007, Balance $309 |
| Sallie Mae | Trans Union | 95857309171E00**** | Opened 2/12/2007, Balance $7,077 |
| Sallie Mae | Trans Union | 95857309171E00**** | Opened 9/17/2007, Balance $7,147 |

56.     On or about March 18, 2024, Plaintiff mailed detailed written dispute letters to the CRAs regarding the inaccurate reporting. In the letter, Plaintiff explained the aforementioned erroneous accounts were reporting balances which did not belong to him. To confirm his identity, copies of his driver's license and Social Security card were included in the letter. Further, Plaintiff provided images of the erroneous reporting, images of his proof of payment of his student loans in 2012 leaving a zero balance, images of filed CFPB Complaint, and other supporting documents.

57.     Plaintiff mailed his detailed dispute letters via USPS Certified Mail to Equifax (7022 2410 0000 6727 7795), Experian (7022 2410 0000 6727 7788), and Trans Union (7022 2410 0000 6727 7771).

58.     On or about April 20, 2024, Plaintiff received dispute results from Experian which stated the following as to the dispute accounts.

| **Furnisher** | **Account** | **Dispute Comments** |
| --- | --- | --- |
| EdFinancial | x7011 | Verified as accurate; remains with balance of $7,412 |

| EdFinancial | x7011 | Verified as accurate, remains with balance of $7,341 |
|---|---|---|
| EdFinancial | x7011 | Verified as accurate, remains with balance of $321 |
| Nelnet | x6235 | Verified as accurate, remains with balance of $7,077 |
| Nelnet | x6335 | Verified as accurate, remains with balance of $309 |
| Nelnet | x6135 | Verified as accurate, remains with balance of $7,147 |

59.     Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

60.     Experian never attempted to contact Plaintiff during the alleged investigation.

61.     Upon information and belief, Experian notified EdFinancial of Plaintiff's dispute. However, EdFinancial failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

62.     Upon information and belief, Experian notified Nelnet of Plaintiff's dispute. However, Nelnet failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

63.     Despite confirmation of delivery on March 23, 2024, Plaintiff did not receive dispute results in the mail from Equifax. However, on or about April 26,

2024, Plaintiff contacted Equifax by phone and spoke with a representative who stated the three (3) disputed EdFinancial accounts and the three (3) disputed Nelnet accounts were verified as accurate.

64.   Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

65.   Equifax never attempted to contact Plaintiff during the alleged investigation.

66.   Upon information and belief, Equifax notified EdFinancial of Plaintiff's dispute. However, EdFinancial failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

67.   Upon information and belief, Equifax notified Nelnet of Plaintiff's dispute. However, Nelnet failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

68.   Despite confirmation of delivery on March 26, 2024, Plaintiff did not receive dispute results in the mail from Trans Union. However, on or about April 26, 2024, Plaintiff contacted Trans Union via telephone and spoke with a representative who would only state the disputed accounts were updated.

69.     On or about April 26, 2024, Plaintiff obtained an updated copy of his Trans Union credit report. Upon review, Plaintiff observed the three (3) erroneous Sallie Mae accounts were no longer appearing in his credit report. However, Plaintiff observed the following accounts were still reported with erroneous and inaccurate balances.

| **Furnisher** | **Account** | **Status** |
|---|---|---|
| EdFinancial | x7011 | Balance of $7,412 |
| EdFinancial | x7011 | Balance of $7,341 |
| EdFinancial | x7011 | Balance of $321 |

70.     Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

71.     Trans Union never attempted to contact Plaintiff during the alleged investigation.

72.     Upon information and belief, Trans Union notified EdFinancial of Plaintiff's dispute. However, EdFinancial failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

73.     Despite Plaintiff's best efforts to have the erroneous reporting corrected, the CRAs continued to inaccurately report the fraudulent EdFinancial

accounts and Nelnet accounts in Plaintiff's credit file. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

74.    The CRAs have not conducted an actual investigation despite Plaintiff's pleas, and upon information and belief, simply continue to parrot off the back of the furnisher(s).

75.    Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

76.    As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

     i.    Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

    ii.    Loss of time attempting to cure the errors;

   iii.    Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' actions;

   iv.    Apprehensiveness to apply for new credit due to the fear of rejection;

    v.    Plaintiff's wages were garnished; and

vi.  Defamation as Defendants published inaccurate information to third party entities.

## CAUSES OF ACTION

### COUNT I
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Negligent)

77.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-six (76) above as if fully stated herein.

78.   Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

79.   Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

80.   As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

81.   The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

82.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, GALIL DAWKINS, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## <u>COUNT II</u>
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Willful)

83.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-six (76) above as if fully stated herein.

84.   Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

85.    Upon information and belief, Equifax prevents its agents from calling consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

86.    As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

87.    The conduct, action and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

88.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, GALIL DAWKINS, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT III**
**Violations of 15 U.S.C. § 1681i as to**
**Defendant, Equifax Information Services LLC (Negligent)**

89.     Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-six (76) above as if fully stated herein.

90.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

91.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

92.     Plaintiff provided Equifax with the information it needed to confirm that the EdFinancial and Nelnet tradelines did not belong to him and should be removed or, at the very least, each be reported with a zero balance. Equifax ignored this information and failed to respond to Plaintiff's disputes.

93.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit

from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

94.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

95.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, GALIL DAWKINS, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT IV
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Willful)

96.     Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-six (76) above as if fully stated herein.

97.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii)

failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

98.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

99.   Plaintiff provided Equifax with the information it needed to confirm that the EdFinancial and Nelnet tradelines did not belong to him and should be removed or, at the very least, each be reported with a zero balance. Equifax ignored this information and failed to respond to Plaintiff's disputes.

100.   As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

101.   The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

102.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, GALIL DAWKINS, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT V
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

103.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-six (76) above as if fully stated herein.

104.   Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

105.   Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

106.   As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

107.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

108.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, GALIL DAWKINS, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT VI
**Violation of 15 U.S.C. § 1681e(b) as to
Defendant, Experian Information Solutions, Inc. (Willful)**

109.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-six (76) above as if fully stated herein.

110.   Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

111.   Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

112.   As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

113.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

114.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, GALIL DAWKINS, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's

fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT VII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

115.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-six (76) above as if fully stated herein.

116.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

117.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

118.   Plaintiff provided Experian with the information it needed to confirm that the EdFinancial and Nelnet tradelines did not belong to him and should be

removed or, at the very least, each be reported with a zero balance. Experian ignored this information and failed to respond to Plaintiff's disputes.

119.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

120.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

121.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, GALIL DAWKINS, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VIII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Willful)

122.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-six (76) above as if fully stated herein.

123.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

124.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

125.   Plaintiff provided Experian with the information it needed to confirm that the EdFinancial and Nelnet tradelines did not belong to him and should be removed or, at the very least, each be reported with a zero balance. Experian ignored this information and failed to respond to Plaintiff's disputes.

126.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

127.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

128.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, GALIL DAWKINS, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT IX
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Negligent)

129.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-six (76) above as if fully stated herein.

130.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report and credit files it published and maintains concerning Plaintiff.

131.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

132.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

133.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

134.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, GALIL DAWKINS, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT X
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Willful)

135.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-six (76) above as if fully stated herein.

136.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

137.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

138.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

139.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

140. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, GALIL DAWKINS, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XI
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Negligent)

141. Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-six (76) above as if fully stated herein.

142. After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

143. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct

independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

144.   Plaintiff provided Trans Union with the information it needed to confirm that the EdFinancial and Sallie Mae tradelines did not belong to him and should be removed or, at the very least, each be reported with a zero balance. Trans Union ignored this information and failed to respond to Plaintiff's disputes.

145.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

146.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

147.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, GALIL DAWKINS, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment

interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Willful)

148.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-six (76) above as if fully stated herein.

149.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

150.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

151.   Plaintiff provided Trans Union with the information it needed to confirm that the EdFinancial and Sallie Mae tradelines did not belong to him and should be removed or, at the very least, each be reported with a zero balance. Trans Union ignored this information and failed to respond to Plaintiff's disputes.

152.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

153.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

154.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, GALIL DAWKINS, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XIII
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, EdFinancial Services, LLC (Negligent)

155.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-six (76) above as if fully stated herein.

156. EdFinancial furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

157. After receiving Plaintiff's disputes, EdFinancial violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the erroneous accounts; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

158. Plaintiff provided all the relevant information and documents necessary for EdFinancial to have identified that the accounts were erroneous, and the account balances were inaccurate.

159. EdFinancial knowingly chose to follow procedures which did not review, confirm, or verify the accounts and account balances were accurate.

160. EdFinancial violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

161. As a direct result of this conduct, action, and/or inaction of EdFinancial, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

162.   The conduct, action, and inaction of EdFinancial was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

163.   Plaintiff is entitled to recover costs and attorney's fees from EdFinancial in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, GALIL DAWKINS, respectfully requests that this Court award actual damages against Defendant, EDFINANCIAL SERVICES, LLC, jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## <u>COUNT XIV</u>
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, EdFinancial Services, LLC (Willful)

164.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-six (76) above as if fully stated herein.

165.   EdFinancial furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

166.   After receiving Plaintiff's disputes, EdFinancial violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the erroneous accounts; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

167.   Plaintiff provided all the relevant information and documents necessary for EdFinancial to have identified that the accounts were erroneous, and the account balances were inaccurate.

168.   EdFinancial knowingly chose to follow procedures which did not review, confirm, or verify the accounts and account balances were accurate.

169.   EdFinancial violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

170.   As a direct result of this conduct, action, and/or inaction of EdFinancial, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

171. The conduct, action, and inaction of EdFinancial was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

172. Plaintiff is entitled to recover costs and attorney's fees from EdFinancial in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, GALIL DAWKINS, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EDFINANCIAL SERVICES, LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT XV
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Navient Solutions, LLC f/k/a Sallie Mae (Negligent)

173. Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-six (76) above as if fully stated herein.

174. Sallie Mae furnished inaccurate account information to Trans Union and through Trans Union to all of Plaintiff's potential lenders.

175. After receiving Plaintiff's disputes, Sallie Mae violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the

erroneous accounts; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to Trans Union; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

176.   Plaintiff provided all the relevant information and documents necessary for Sallie Mae to have identified that the accounts and account balances were inaccurate.

177.   Sallie Mae knowingly chose to follow procedures which did not review, confirm, or verify the account balances were accurate.

178.   Sallie Mae violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

179.   As a direct result of this conduct, action, and/or inaction of Sallie Mae, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

180.   The conduct, action, and inaction of Sallie Mae was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

181.   Plaintiff is entitled to recover costs and attorney's fees from Sallie Mae in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, GALIL DAWKINS, respectfully requests that this Court award actual damages against Defendant, NAVIENT SOLUTIONS, LLC f/k/a SALLIE MAE; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XVI
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Navient Solutions, LLC f/k/a Sallie Mae (Willful)

182.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-six (76) above as if fully stated herein.

183.   Sallie Mae furnished inaccurate account information to Trans Union and through Trans Union to all of Plaintiff's potential lenders.

184.   After receiving Plaintiff's disputes, Sallie Mae violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the erroneous accounts; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to Trans Union; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

185.   Plaintiff provided all the relevant information and documents necessary for Sallie Mae to have identified that the accounts were erroneous, and the account balances were inaccurate.

186.   Sallie Mae knowingly chose to follow procedures which did not review, confirm, or verify the accounts and account balances were accurate.

187.   Sallie Mae violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

188.   As a direct result of this conduct, action, and/or inaction of Sallie Mae, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

189.   The conduct, action, and inaction of Sallie Mae was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

190.   Plaintiff is entitled to recover costs and attorney's fees from Sallie Mae in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, GALIL DAWKINS, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant,

NAVIENT SOLUTIONS, LLC f/k/a SALLIE MAE; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XVII
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Nelnet Servicing, LLC (Negligent)

191.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-six (76) above as if fully stated herein.

192.   Nelnet furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

193.   After receiving Plaintiff's disputes, Nelnet violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the erroneous accounts; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

194.   Plaintiff provided all the relevant information and documents necessary for Nelnet to have identified that the accounts were erroneous, and the account balances were inaccurate.

195.   Nelnet knowingly chose to follow procedures which did not review, confirm, or verify the accounts and account balances were accurate.

196.   Nelnet violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

197.   As a direct result of this conduct, action, and/or inaction of Nelnet, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

198.   The conduct, action, and inaction of Nelnet was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

199.   Plaintiff is entitled to recover costs and attorney's fees from Nelnet in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, GALIL DAWKINS, respectfully requests that this Court award actual damages against Defendant, NELNET SERVICING, LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT XVIII**
**Violation of 15 U.S.C. § 1681 s-2(b) as to**
**Defendant, Nelnet Servicing, LLC (Willful)**

200.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-six (76) above as if fully stated herein.

201.   Nelnet furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

202.   After receiving Plaintiff's disputes, Nelnet violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the erroneous accounts; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

203.   Plaintiff provided all the relevant information and documents necessary for Nelnet to have identified that the accounts were erroneous, and the account balances were inaccurate.

204.   Nelnet knowingly chose to follow procedures which did not review, confirm, or verify the accounts and account balances were accurate.

205.   Nelnet violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

206.   As a direct result of this conduct, action, and/or inaction of Nelnet, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

207.   The conduct, action, and inaction of Nelnet was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

208.   Plaintiff is entitled to recover costs and attorney's fees from Nelnet in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, GALIL DAWKINS, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, NELNET SERVICING, LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, GALIL DAWKINS, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, EDFINANCIAL SERVICES, LLC, NAVIENT SOLUTIONS, LLC f/k/a SALLIE MAE, and NELNET SERVICING, LLC, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 11th day of May 2024.

Respectfully submitted,

*/s/ Octavio Gomez, Esq.*
Octavio Gomez, Esq.
Florida Bar No.: 0338620
Georgia Bar No.: 617963
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Telephone: 813.299.8537
Facsimile: 844.951.3933
Tav@TheConsumerLawyers.com
Lisa@TheConsumerLawyers.com
*Attorney for Plaintiff*